■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM G. MAXWELL, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered August 27, 1984, upon a verdict convicting defendant of the crimes of attempted rape in the first degree and sodomy in the first degree.

As a result of forcible sexual assault upon his 17-year-old victim, defendant was convicted of attempted rape in the first degree and sodomy in the first degree. Consecutive prison sentences of 2 to 10 years and 3 to 15 years for the respective crimes were imposed.

Initially, defendant finds fault with County Court's refusal to permit defense counsel, during cross-examination of the victim, to question her as to whether she had sexual activity with another young man on the day of the crimes; it was defendant's contention that had such activity occurred, it may have explained the presence of semen found on her underpants after she had been assaulted. After hearing the parties' arguments in camera, County Court properly ruled that the general proscription of CPL 60.42 against evidence of a victim's sexual conduct applied. At that stage in the trial, only the victim had testified and no foundation had been laid for the introduction of any evidence as to her prior sexual conduct, if any. Furthermore, the prosecution, which had yet to offer evidence of semen, was directed by the court to have the victim available to testify later about her prior sexual activity if, as it subsequently was, evidence of semen was introduced *(see, People v Mountain,* 105 AD2d 494, *affd* 66 NY2d 197; *see also,* CPL 60.42 [4]). Nor do we disagree with County Court's conclusion that the interest of justice did not require that such questioning be allowed *(see,* CPL 60.42 [5]).

The remainder of defendant's points on appeal concern the

sentence he received. The People concede candidly that remittal for resentencing is appropriate because the minimum sentences for each offense were not fixed at one third of the maximum term imposed (see, Penal Law § 70.02 [4]). While this obviates the need to review defendant's claim that the sentences were harsh, two related issues remain, namely, defendant's challenge to the imposition of consecutive sentences and County Court's denial of his request for youthful offender treatment. Defendant's crimes, attempted rape and sodomy, were discrete and separate, the former having occurred inside defendant's car and the latter outside where the victim had been dragged after successfully warding off the rape attack. Hence, consecutive sentences were not inappropriate (see, People v Williams, 114 AD2d 683, 685). As for the assertion that denial of youthful offender status was error, it is enough to note that, though defendant had no prior criminal record, the crimes involved were violent and premeditated, he solicited false testimony while awaiting trial and not only expressed no remorse, but bragged about the incident to his friends.

Judgment modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Columbia County for resentencing; and, as so modified, affirmed. Mahoney, P. J., Main, Casey, Weiss and Yesawich, Jr., JJ., concur.