■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD LABENSKI, Appellant.—Judgment unanimously reversed on the law and facts and new trial granted, in accor-

dance with the following memorandum: Defendant appeals from a judgment rendered after a jury trial convicting him of rape in the first degree (Penal Law § 130.35 [1]), sodomy in the first degree (Penal Law § 130.50 [1]), sexual abuse in the first degree (Penal Law § 130.65 [1]) and burglary in the second degree (Penal Law § 140.25 [2]). The convictions arose out of defendant's alleged sexual conduct with a 17-year-old girl in her home on October 13, 1983. The victim informed her boyfriend and a neighbor that she had been raped and they called the police who transported her to the hospital for examination. No semen was found on samples taken from her body, but semen was discovered on her panties. At trial, the court admitted the victim's panties into evidence and also permitted testimony that semen was found thereon.

Prior to trial, defendant's attorney made an offer of proof, out of the presence of the jury, in which he advised the court that he had an affidavit from the complaining witness in which she admitted that she had engaged in sexual intercourse with her boyfriend approximately three hours prior to the alleged rape. He sought a ruling permitting him to cross-examine the victim about this in an attempt to account for the presence of the semen found on her underpants. The court concluded that since the semen was found on the victim's underpants rather than *in* the victim" (CPL 60.42 [4]; emphasis added), it would not allow the victim to be cross-examined about any prior sexual activity with her boyfriend.

Since 1975, in a rape prosecution, a defendant is significantly restricted from eliciting testimony of the victim's prior sexual conduct unless it falls within one of the statutory exceptions (CPL 60.42; *People v Mandel,* 48 NY2d 952, 953, *cert denied and appeal dismissed* 446 US 949; *People v Westfall,* 95 AD2d 581, 583). We agree with the trial court that the exception set forth in CPL 60.42 (4) would not apply here because no semen was found within the victim. However, CPL 60.42 (5) permits a Trial Judge to allow questioning about prior sexual conduct when necessary in the interest of justice even if a specific exception does not apply *(People v Mandel, supra,* at 954; *People v Westfall, supra,* at 583). Having permitted evidence of semen on the victim's panties, the court should also have permitted questioning about the victim's closely proximate prior sexual conduct. Without this testimony, the jury could only conclude that the semen originated in defendant. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—rape, first degree, and other offenses.) Present—Dillon, P. J., Callahan, Green, Pine and Lawton, JJ.