OPINION OF THE COURT
Caesar Cirigliano, J.
The defendants were indicted for rape in the first degree, kidnapping in the second degree and other related crimes. They have moved to introduce at trial evidence of the complainant’s prior sexual conduct: specifically, that she has engaged in acts of prostitution, although she has never been convicted of an offense under Penal Law article 230.
FINDINGS OF FACT
In this case, I conducted Dunaway-Mapp and Huntley hearings. From the papers, the hearings and the offer of proof, it *763 appears that on October 13, 1995, the defendants picked up the complainant on Jerome Avenue in the Bronx, New York. According to the complainant, after tricking her into their car, they kidnapped her at knifepoint and drove her to their apartment in Yonkers where they raped and sodomized her. According to the defendants, the complainant was a prostitute who voluntarily accompanied them to Yonkers where she engaged in consensual sex with them for a price. At the Huntley hearing, Officer Viviano testified that when first questioned at the scene defendant Doe told him that he had picked the complainant up on a prior occasion and taken her to his apartment for paid-for sex and had done so again that night.* In addition, Officer Coyne testified that he interviewed the complainant and she admitted having engaged in prostitution in the past. It is this testimony of Officer Coyne that the defendants now seek permission to introduce.
CONCLUSIONS OF LAW
CPL 60.42 prohibits the admission of evidence of the victim’s prior sexual conduct in a prosecution under article 130 of the Penal Law unless one of five exceptions is present. The only one relevant to Officer Coyne’s testimony is the fifth: ”5. is determined by the court after an offer of proof by the accused outside the hearing of the jury, or such hearing as the court may require, and a statement by the court of its findings of fact essential to its determination, to be relevant and admissible in the interests of justice.” (CPL 60.42 [5].) In addition, CPL 60.43 allows evidence of the victim’s past sexual conduct in a prosecution for a nonsexual offense but only in the above-quoted situation. Thus, although CPL 60.42 and 60.43 differ, here the test for whether the complainant’s alleged prior sexual conduct (prostitution for which she has not been convicted) is admissible is the same: whether it is relevant and admissible in the interests of justice.
The purpose of the statutes is to strike a balance between a defendant’s right to adduce relevant evidence in his or her own defense as opposed to the unjustified introduction of irrelevant matter to harass a victim. The distinction is drawn between the use of prior sexual conduct to show, irrelevantly, the victim’s morality and its use where it actually has some bearing on the case. (People v Childs, 161 Misc 2d 749.)
*764 Here, the complainant’s alleged prior acts of prostitution are being offered to corroborate the defendants’ position that she voluntarily accompanied them to Yonkers and there engaged in consensual sex for a price. It is certainly relevant to that end, and particularly so because the prior conduct is the identical type of conduct the defendants assert occurred here. Moreover, having held an evidentiary hearing, I am persuaded that the defense is real and not fabricated. I base this on the fact that defendant Doe offered it immediately at the scene before having had a chance to confer with anyone and that Officer Coyne’s interests are, if anything, adverse to the defendants. The interests of justice therefore require its introduction at trial. (People v Childs, 161 Misc 2d 749, supra; see, People v Ruiz, 71 AD2d 569; see also, People v Halbert, 175 AD2d 88, 89 [Wallach, J., dissenting], affd 80 NY2d 865.)

 At the conclusion of the Huntley hearing, I held these statements to have been voluntarily made. They are also clearly admissible as of right by defendant Doe under CPL 60.42 (1).