THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT KALAJ, Appellant. [669 NYS2d 358] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered May 17, 1995, convicting him of rape in the first degree, criminal use of a firearm in the first degree, sexual abuse in the first degree (six counts), assault in the second degree, criminal possession of a weapon in the third degree (two counts), unlawful imprisonment in the first degree, and assault in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the gun found in the defendant's apartment. Contrary to the defendant's contention, the police entry into his home did not violate *Payton v New York* (445 US 573). There was sufficient evidence in the record to support the hearing court's conclusion that the defendant consented to the police entry into his home (*see, People v Gonzalez,* 222 AD2d 453; *People v Washington,* 209 AD2d 817, 819; *cf., People v Richardson,* 229 AD2d 316) and to the limited search for the gun (*see, People v Gonzalez,* 39 NY2d 122, 128-130).

The trial court's denial of the defense request for a continuance after the defendant chose to substitute counsel on the eve of trial was not an improvident exercise of discretion (*see, People v Swaby,* 179 AD2d 793; *People v Sharpe,* 166 AD2d 620; *People v Gabler,* 129 AD2d 733).

Further, the court properly precluded the defendant from cross-examining the complainant, or eliciting testimony from the defendant's brother, about the brother's alleged sexual encounter with the complainant prior to the rape in order to establish a possible source of the semen recovered from the complainant's clothing. Pursuant to CPL 60.42, evidence that the complainant engaged in sex with another is admissible

under the interest of justice provision to establish the source of the semen recovered (*see,* CPL 60.42 [5]; *People v Labenski,* 134 AD2d 907, 908; *see also, People v Maxwell,* 122 AD2d 435). Here, however, the defendant, when making his offer of proof, conceded that he engaged in sexual relations with the complainant, rendering evidence of the source of the semen irrelevant. The admission of such evidence would be inconsistent "with the legislative purpose of barring harassment of victims of sexual crimes concerning irrelevant issues and of shielding the jury from confusing and prejudicial matters which have no bearing on the issue of the guilt or innocence of the [defendant]" (*People v Crawford,* 143 AD2d 141, 142; *see also, People v Boyd,* 122 AD2d 273, 275). The defendant's belated contention that such evidence was admissible because he was entitled to proffer inconsistent defenses is unpreserved for appellate review (*see,* CPL 470.05 [2]). In addition, this claim is not properly before this Court since it was raised for the first time in the defendant's reply brief (*see, People v Ford,* 69 NY2d 775, 777).

The defendant's remaining contentions are without merit. Mangano, P. J., O'Brien, Krausman and Florio, JJ., concur.