■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY W. HOLIDAY, Appellant. [670 NYS2d 986] —Mercure, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered May 16, 1997, upon a verdict convicting defendant of the crimes of assault in the second degree and resisting arrest and the offense of disorderly conduct.

We are not persuaded by defendant's contention that the jury's verdict was not supported by legally sufficient evidence or was against the weight of the evidence. State Police Investigator William Mayhew testified that, after observing defendant walk into traffic on a highway and then fall down an embankment, he bent over defendant and asked if he was alright. Defendant responded by stating in an antagonistic tone, "You're a cop," and then trying to punch Mayhew. After Mayhew advised defendant that he was under arrest, defendant continued to strike, kick and threaten Mayhew and shout obscenities at him. Ultimately, it took Mayhew, a police dispatcher and two uniformed police officers to bring defendant into custody and then only after taping his feet together and handcuffing him behind his back. As the result of injuries sustained in the encounter, Mayhew experienced stiffness and swelling in his left knee and was unable to move his leg normally. He also experienced soreness in his left achilles

tendon, missed three days of work and was told to restrict his work activities to light duty for several weeks thereafter. Ultimately, Mayhew was diagnosed as having sustained a tear of the lateral meniscus in his left knee.

Viewing the evidence in a light most favorable to the People (*see, People v Thompson*, 72 NY2d 410, 413) and applying the test of whether there was "any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime[s] charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]; *see, People v Carey*, 241 AD2d 748, 750, *lv denied* 90 NY2d 1010), it is our view that the foregoing evidence provided abundant support for the jury's verdict convicting defendant of the offense of disorderly conduct and the crimes of resisting arrest and assault in the second degree in violation of Penal Law § 120.05 (3). It is our further view that, weighing the conflicting trial testimony concerning the extent of defendant's intoxication, the jury was entitled to and obviously did credit the People's witnesses and conclude that defendant's voluntary intoxication did not negate the element of intent (*see,* Penal Law § 15.25). Finally, viewing the evidence in a neutral light (*see, People v Rose [Cousins]*, 215 AD2d 875, 877, *lvs denied* 86 NY2d 793, 801; *People v Carthrens*, 171 AD2d 387, 392), we conclude that the jury's verdict was not against the weight of the evidence (*see, People v Bleakley*, *supra*, at 495).

We have considered defendant's remaining contentions, including the claims that defendant was denied effective assistance of counsel and that the sentence was harsh and excessive, and find them to be lacking in merit.

Cardona, P. J., Mikoll, White and Carpinello, JJ., concur. Ordered that the judgment is affirmed.