■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT E. QUINONES, Appellant. [683 NYS2d 298] —Spain, J. Appeal from a judgment of the County Court of Otsego County (Coccoma, J.), rendered February 10, 1997, upon a verdict convicting defendant of the crime of attempted rape in the first degree.

In July 1996 defendant was indicted in a sealed indictment by a Grand Jury for attempted rape in the first degree. The indictment alleges that on March 16, 1996 defendant attempted a forcible rape. Following a jury trial, defendant was found guilty as charged. Before sentencing, defendant moved to set aside the verdict pursuant to CPL 330.30, alleging that the evidence was legally insufficient. County Court denied the motion and sentenced defendant to a term of imprisonment of 3 to 6 years. Defendant appeals.

We affirm. Initially, we reject defendant's contention that his constitutional right to a speedy trial was violated due to the delay between his initial questioning by the police on March 17, 1996, his indictment on July 12, 1996, and his trial, which was commenced on December 3, 1996. The constitutional guarantee of a speedy trial is primarily intended " 'to prevent undue and oppressive incarceration prior to trial, [and] to minimize anxiety and concern accompanying public accusation' " (*People v Singer*, 44 NY2d 241, 252, quoting *United States v Marion*, 404 US 307, 320). These considerations, however, do not become relevant until the defendant has been arrested or formally accused (*see, People v Singer, supra*, at 252). Defendant's trial was completed less than five months after he was originally charged in the indictment. Indeed, defendant's contention that he was denied a speedy trial is without merit (*see*, CPL 30.30 [1] [a]).

We also reject defendant's contentions that the evidence at trial was legally insufficient to convict him and that the verdict was against the weight of the evidence. The victim testified that on March 15, 1996, she went out with friends to several clubs and bars and returned home sometime around 3:30 A.M. the next morning. She testified that she had run into defendant at a club earlier in the night and they had briefly talked, and she admitted to having known defendant and that he had been to her home a number of times in the previous two months. It was her testimony that she did not recall inviting defendant back to her home on the night in question. The victim further testified that she awoke at approximately 6:00 A.M. and found defendant on top of her with his pants down; he held her down while attempting to pull her pants down and

covered her mouth when she screamed. She further testified that he grabbed her throat, she heard her neck pop and she grabbed his penis in an attempt to stop him; when he jumped back she escaped into her roommate's room. The victim also testified that she was bruised on her neck and all over her body. Defendant testified that he met the victim at a bar that evening and the victim invited him back to her house. Defendant testified that upon his arrival the victim invited him upstairs to her bedroom to talk; however, shortly thereafter the victim became physically ill and defendant stated that he helped her to the bathroom. He further testified that when they returned to the victim's bedroom they laid together and that he put his arm around her. Thereafter, defendant was unable to secure a ride home so he walked home at approximately 4:30 A.M. Defendant testified that at no time did he attempt to engage in sexual intercourse with the victim.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that the evidence is legally sufficient to establish defendant's guilt beyond a reasonable doubt (*see*, Penal Law § 130.35 [1]; § 110.00). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Garafolo*, 44 AD2d 86, 88). We find no reason to disturb the jury's determinations. Upon the exercise of our factual review power and viewing the evidence in a neutral light, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see, People v Holiday*, 249 AD2d 624, *lv denied* 92 NY2d 899; *People v Rose*, 215 AD2d 875, *lvs denied* 86 NY2d 793, 801; *People v Carthrens*, 171 AD2d 387, 392).

We also reject defendant's contention that he was denied effective assistance of counsel. To establish ineffective assistance of counsel, defendant "must demonstrate that [he was] deprived of a fair trial by less than meaningful representation; a simple disagreement with strategies, tactics or the scope of possible cross-examination, weighed long after the trial, does not suffice" (*People v Flores*, 84 NY2d 184, 187). Defense counsel must commit egregious and prejudicial error (*id.*, at 188-189). The record reveals that defense counsel, among other things, assertively cross-examined witnesses, attempting to evoke any inconsistencies in the victim's testimony; she also attempted to disprove elements of the crime. A review of the full record supports the conclusion that defendant received meaningful representation (*see, People v Ellis*, 81 NY2d 854).

Finally, defendant's contention that County Court erred in failing to include in its charge the lesser included offense of harassment is unpreserved for appellate review; in any event, it is without merit.

We have considered defendant's remaining contentions and find them to be without merit.

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.