[690 NYS2d 2]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WIGFALL, Appellant.

First Department, April 20, 1999

**APPEARANCES OF COUNSEL**

*Richard Nahas* of counsel (*Hilary Hassler* on the brief; *Robert M. Morgenthau, District Attorney* of New York County, attorney), for respondent.

*Arthur H. Hopkirk* of counsel (*M. Sue Wycoff, Legal Aid Society,* attorney), for appellant.

**OPINION OF THE COURT**

WILLIAMS, J.

The issue posed by this appeal is whether New York's "rape shield law" (CPL 60.42) is violated by a *prosecutor's* introduction into evidence of a *complainant's* testimony concerning her prior sexual history. CPL 60.42 states in relevant part as follows:

"Evidence of a victim's sexual conduct shall not be admissible in a prosecution for an offense or an attempt to commit an offense defined in article one hundred thirty of the penal law unless such evidence * * *

"3. rebuts evidence introduced by the people of the victim's failure to engage in sexual intercourse, deviate sexual intercourse or sexual contact during a given period of time".

The sequence of events culminating in defendant's conviction began with the complainant's sister-in-law, Michele Wells, placing an ad in The Daily News seeking a housekeeping position. Defendant, a home health aide, responded to the ad, allegedly on behalf of one of his patients who needed a housekeeper. Wells and defendant set up an interview that took place at the patient's apartment on February 14, 1994. Wells sent the complainant to the interview in her stead. The sexual abuse and rape occurred on this occasion. The complainant, deeply traumatized, reported the crime the following day. Defendant was located on the basis of information that he had provided to the complainant at the interview, and was arrested on February 21, 1994, after the complainant identified him in a police lineup. At the time of his arrest, defendant's statements about the incident made no mention of the sex with the complainant being consensual.

At trial, the defense contended that the sexual encounter with the complainant was consensual, making the case a credibility contest that was decided in the complainant's favor. The credibility of defendant's testimony was, admittedly, roundly impeached, and the one credibility issue he raised as to the complainant's testimony, why she used her sister-in-law's name at the job interview, was credibly explained by her desire not to be turned away at the interview after appearing without notice in place of the sister-in-law. Defendant's guilt of the crimes charged was unquestionably proven beyond a reasonable doubt.

The defense also contends that the rape shield law was violated when the complainant was allowed to testify that prior to the incident, she had never had sexual relations with anyone other than her common-law husband, whom she had met at the age of 17, whom she had been with ever since (six years), and with whom she had two children. The testimony was elicited on redirect examination as an explanation as to why she did not inform her husband of the rape immediately, not in the context of whether complainant consented to the sexual encounter. New York's rape shield law, as noted above, makes evidence of a victim's sexual conduct inadmissible in a sex crime prosecution except in certain enumerated circumstances, none of which are applicable here, according to defendant.

Defendant's assertion of the rape shield law is flawed for several reasons. Initially, he contends that the law is facially neutral, barring both prosecution and defense from presenting testimony about a complainant's sexual history. This contention is easily rebutted, since CPL 60.42 (3) clearly contemplates that a prosecutor might introduce such testimony and, if so, that it triggers a defendant's right to rebut that testimony (see, Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 60.42, at 565 [1981 ed] [rape shield law "permits the accused to offer rebuttal evidence against specific evidence adduced by the People that the victim was essentially chaste"]).

The defense also misconstrues the statute's legislative history in an effort to support its reading of the statute. In particular, it relies on the language in one paragraph of the memorandum of Assemblyman Fink (1975 NY Legis Ann, at 48), while ignoring the context in which that language appears as well as the statute's obvious policy goal of protecting complainants. The memorandum states in relevant part that: "[evidence of a victim's sexual history] seldom elicits testimony relevant to the issues of the victim's consent o[r] credibility, but serves only to harass the alleged victim and confuse the jurors. Focusing upon the immaterial issue of a victim's chas[t]ity tends to demean the witness, discourages the prosecution of meritorious cases, and leads to acquittals of guilty defendants". (Ibid.)

Defendant focuses on the language referring to the issue of chastity as "immaterial" to assert that the Legislature intended to bar both prosecution and defense from delving into the complainant's sexual history. However, the next paragraph refutes that assertion: "The bill therefore limits the introduction of such evidence and attempts to strike a reasonable bal-

ance between protection of a victim's privacy and reputation while not infringing on a defendant's right to a fair trial * * * Thus * * * *[r]ebuttal of the people's evidence that the victim was chaste * * * is * * * allowed.*" (*Ibid.* [emphasis added].)

New York case law does not support defendant's reading of the statute. In fact, not a single New York case supports his view. Two Second Department decisions, *People v Smith* (113 AD2d 905) and *People v Demerritt* (113 AD2d 898), implicitly assume without question, as does CPL 60.42 itself, that the People can introduce sexual history evidence, holding that a defendant can make limited inquiry into a complainant's sexual. history to rebut such evidence offered by the People.

Consequently, defendant is forced to rely on case law from other jurisdictions, all of which proves to be inapposite to this case and, of course, is not binding on this Court (*see, e.g., Government of Virgin Is. v Jacobs*, 634 F Supp 933, 937 [D VI] [rape shield statute precludes prosecutor's introduction of victim's sexual history where such statute does not specifically restrict only evidence offered by defendant and does not provide defendant the right to rebut such evidence offered by the prosecution]; *State v Gavigan*, 111 Wis 2d 150, 330 NW2d 571 [evidence of victim's chastity concededly violated the existing Wisconsin rape shield statute, but found to be harmless error where other evidence was sufficient to prove defendant's guilt beyond a reasonable doubt and defendant's credibility was destroyed (the court's decision was subsequently superseded by statute)]; *Heath v State*, 849 P2d 786 [Ala] [trial court did not abuse discretion by precluding as irrelevant the adult defendant's proposed elicitation of testimony from the 15-year-old victim that she was a virgin, for purposes of impeaching her testimony that she had consensual sex with him, a stranger]). In addition, he ignores decisions, such as *Forrester v State* (440 NE2d 475 [Ind]) and *People v Johnson* (671 P2d 1017 [Colo App 1983]), that emphasize that a rape shield law is intended to protect the complainant, not the accused, and hold that the prosecution's introduction of a complainant's sexual history does not violate a rape shield law where said law does not specifically prohibit such testimony.

Here, the sexual history evidence was clearly admissible as relevant to the issue of why complainant failed to immediately inform her husband of the rape, as well as to defendant's contention that the sexual encounter was consensual in exchange for employment.

Accordingly, the judgments of the Supreme Court, New York County (Harold Beeler, J.), rendered June 30, 1995 and July 5,

1995, respectively, convicting him, after a jury trial, of rape in the first degree and sexual abuse in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 7 to 14 years and 3 to 6 years, should be affirmed.

NARDELLI, J. P., WALLACH and RUBIN, JJ., concur.

Judgments, Supreme Court, New York County, rendered June 30, 1995 and July 5, 1995, affirmed.