■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD E. WHITE, Appellant. [690 NYS2d 300] —Cardona, P. J. Appeal from a judgment of the County Court of Montgomery County (Sise, J.), rendered March 10, 1997, upon a verdict convicting defendant of the crimes of rape in the second degree and sodomy in the second degree.

Defendant was indicted for rape in the second degree and sodomy in the second degree after having allegedly engaged in sexual acts with an 11-year-old girl (hereinafter the victim). The victim was the daughter of defendant's former girlfriend (hereinafter the mother) and accompanied defendant on a road trip in July 1995. The incidents occurred during that road trip in the back of defendant's tractor trailer. According to the victim, defendant inserted his penis into her mouth and vagina. Following trial, a jury convicted defendant of both crimes and he was sentenced to consecutive prison terms of 2⅓ to 7 years on each. Defendant appeals.

Defendant alleges that County Court erred in refusing to suppress his written statement to State Police Investigator Matthew Zell on May 8, 1996. It is settled that "the voluntariness of a statement is generally 'a question of fact to be determined from the totality of the circumstances'" (*People v Miller*, 244 AD2d 828, quoting *Matter of James OO.*, 234 AD2d 822, 823, *lv denied* 89 NY2d 812; *see*, *People v Williamson*, 245 AD2d 966, 967, *lv denied* 91 NY2d 946). The burden is on the prosecution to prove beyond a reasonable doubt that the statement was voluntary (*see*, *People v Anderson*, 42 NY2d 35, 38; *People v Miller*, *supra*, at 828). Notably, "the factual findings of the suppression court are entitled to great weight and will not be set aside unless clearly erroneous" (*People v Gagliardi*, 232 AD2d 879, 880).

In this case, the transcript of the *Huntley* hearing reveals that defendant went to Zell's office on May 7, 1996 at approximately 9:00 P.M. in response to a telephone call in which Zell represented that he was investigating some truck thefts. Zell testified that after defendant arrived and answered some preliminary questions, he advised defendant of his *Miranda* rights and indicated he was investigating allegations made by the victim. According to Zell, defendant proceeded to speak with him and did not request an attorney. Zell denied the use of any threats or force in speaking with defendant. He stated that he prepared a typewritten statement based upon his conversation with defendant and completed it at approximately 1:15 A.M. on May 8, 1996. Zell testified that defendant voluntarily signed the statement which contained a written waiver of defendant's *Miranda* rights.

Defendant denied that Zell gave him *Miranda* warnings at any time during the interview but did, however, admit that Zell did not threaten him or force him to give the statement. He testified that he did not read the written statement but signed and initialed it because Zell was a police officer and he

assumed that Zell would accurately transcribe their conversation. Defendant denied the details of the statement. Inasmuch as County Court was free to credit Zell's testimony over defendant's in regard to the administration of *Miranda* warnings and there is no evidence to suggest that defendant was coerced into signing the inculpatory written statement, we find no error in County Court's refusal to suppress the statement.

Defendant further asserts that County Court erred in applying CPL 60.42 to preclude him from cross-examining certain prosecution witnesses concerning the victim's contraction of a sexually transmitted disease. In particular, he contends that because the victim's accusations against him first came to light during a medical examination in which it was discovered that the victim had syphilis, he should have been given the opportunity to elicit further testimony relating to the circumstances of this disclosure to establish that the victim fabricated the charges.

CPL 60.42, known as the "Rape Shield Law", provides that evidence of a victim's sexual conduct is not admissible in the prosecution of a sexual offense unless the evidence:

"1. proves or tends to prove specific instances of the victim's prior sexual conduct with the accused; or

"2. proves or tends to prove that the victim has been convicted of an offense under section 230.00 of the penal law within three years * * *; or

"3. rebuts evidence introduced by the people of the victim's failure to engage in sexual intercourse, deviate sexual intercourse or sexual contact during a given period of time; or

"4. rebuts evidence introduced by the people which proves or tends to prove that the accused is the cause of pregnancy or disease of the victim, or the source of semen found in the victim; or

"5. is determined by the court after an offer of proof by the accused outside the hearing of the jury, or such hearing as the court may require, and a statement by the court of its findings of fact essential to its determination, to be relevant and admissible in the interests of justice."

The first three exceptions by their terms do not apply to the facts in the case at hand. The fourth exception is likewise inapplicable inasmuch as the prosecution specifically advised the court that it had no intention of offering proof that defendant infected the victim with syphilis.

While County Court had the discretion to admit the evidence under the fifth exception "in the interests of justice" (CPL 60.42

[5]), we cannot say that the court abused its discretion in declining to do so. After admonishing defense counsel for mentioning in his opening statement that the victim had syphilis, County Court provided defense counsel the opportunity to make an offer of proof demonstrating why evidence of syphilis should be admissible. In response, defense counsel indicated that the victim's statement that she was molested by defendant was made in the context of a gynecological examination which revealed that she had syphilis, thus raising the inference that defendant gave her the disease. He further noted that because there was proof demonstrating that the victim was incorrect about defendant infecting her with syphilis, it could be inferred that the victim falsely implicated defendant in the crimes charged. While defendant argues on appeal that such proof is also relevant because the victim had a motive to falsely accuse defendant in order to protect her 12-year-old boyfriend from whom she contracted syphilis, this argument was not specifically made to County Court. In any event, given the prejudicial nature of the evidence, we cannot say that County Court abused its discretion in ruling such evidence inadmissible under CPL 60.42.

We next address defendant's claims that the verdict is not supported by legally sufficient evidence or, alternatively, is against the weight of the evidence. The standard for evaluating legal sufficiency is whether, viewing the evidence in the light most favorable to the prosecution (*see*, *People v Harper*, 75 NY2d 313, 316), "there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]; *see*, *People v Contes*, 60 NY2d 620, 621). On the other hand, in determining whether a verdict is against the weight of the evidence, the appellate court must undertake an independent review of the evidence and, if a different result would not have been unreasonable, must " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, *supra*, at 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62). After that review, if the appellate court determines that the trier of fact did not give the evidence the proper weight, it may set aside the verdict (*see*, *People v Bleakley*, *supra*, at 495).

In the case at bar, defendant was convicted of rape in the second degree and sodomy in the second degree. With respect

to the former, Penal Law § 130.30 provides that "[a] person is guilty of rape in the second degree when, being eighteen years old or more, he or she engages in sexual intercourse with another person to whom the actor is not married less than fourteen years old". With respect to the latter, Penal Law § 130.45 provides that "[a] person is guilty of sodomy in the second degree when, being eighteen years old or more, he engages in deviate sexual intercourse with another person less than fourteen years old".

The case against defendant was based upon the statements of the victim and defendant's own statements to the police as there was no medical evidence of sexual abuse. The victim testified that she accompanied defendant alone on a two-day road trip in the summer of 1995 and they stopped at a rest stop on the first day so she could use the bathroom. She stated that when she returned to the truck, defendant was unclothed and she went to the back of the trailer to get some sleep. According to the victim, defendant came to the back of the trailer and removed her clothes. She stated that he put his penis in her vagina and in her mouth.

The victim's mother testified that the victim told her that defendant had molested her. Zell likewise testified that the victim related that defendant had raped and sodomized her. Zell further stated that defendant gave an incriminating statement when interviewed in May 1996. The written statement was offered in evidence at the trial. In the statement, defendant confessed to inappropriate sexual contact with the victim, including touching her vagina possibly with his penis and having her touch his penis with her hand and mouth. Viewing the totality of the evidence, we find that it was legally sufficient to establish defendant's guilt beyond a reasonable doubt of the crimes of rape in the second degree and sodomy in the second degree. Likewise, exercising our factual review power (*see*, CPL 470.15 [5]), we do not find that the verdict is against the weight of the evidence.

Defendant further contends that County Court erred in sentencing defendant to consecutive terms and the sentence was unduly harsh and excessive. Penal Law § 70.25 (2) provides for the imposition of concurrent sentences "for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other" (*see*, *People v Laureano*, 87 NY2d 640, 643). Defendant asserts that concurrent sentences are appropriate in this instance because the alleged rape and sodomy were part of one continuous act. We

disagree. Although the precise time sequence of the acts in question is not clear from the victim's testimony, she stated that defendant put his penis in her vagina and in her mouth "at different times". Inasmuch as the rape and sodomy constitute two distinct sexual acts, consecutive sentences were properly imposed (*see, People v Radage*, 256 AD2d 742; *People v Willard*, 226 AD2d 1014, 1020-1021, *lv dismissed* 88 NY2d 943; *People v King*, 209 AD2d 797, 798).

Finally, we find no abuse of discretion or extraordinary circumstances warranting modification of the sentence as harsh and excessive given the nature of the crimes herein (*see, e.g., People v Teed*, 250 AD2d 934, *lv denied* 92 NY2d 906; *People v Jarvis*, 233 AD2d 632, *lv denied* 89 NY2d 943). We have considered defendant's remaining contentions and find them to be without merit.

Mikoll, Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.