■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN THOMPSON, Appellant. [699 NYS2d 770] —Graffeo, J. Ap-

peal from a judgment of the Supreme Court (Lamont, J.), rendered June 12, 1998 in Clinton County, upon a verdict convicting defendant of the crimes of rape in the first degree and sexual abuse in the third degree.

Defendant's conviction arises out of the September 1995 rape and the March 1997 sexual abuse of his niece who was the babysitter for defendant's children. The victim, 16 years old at the time of the first incident, did not divulge defendant's conduct to anyone after that incident but reported the second event to her mother immediately following the occurrence. During the police investigation, the victim revealed the 1995 rape to the police and defendant was thereafter arrested and indicted on charges stemming from both incidents. Following a jury trial, defendant was found guilty of both crimes and sentenced to concurrent prison terms of 4 to 12 years on the count of rape in the first degree and 90 days in jail on the count of sexual abuse in the first degree.

Defendant appeals, initially contending that Supreme Court improperly denied his request to obtain medical records allegedly manifesting the victim's misidentification of the father of her child. Although defendant claims that such records are relevant with regard to the victim's credibility, we find that the prejudicial effect of such disclosure concerning the victim's sexual activities outweighs the probative value of the evidence (*see, People v Smith*, 192 AD2d 806, 808, *lv denied* 81 NY2d 1080). Admission of this evidence would circumvent the "rape shield law" inasmuch as it would have a tendency to suggest that the victim was unable to identify the father of her child because she had multiple sexual partners (*see,* CPL 60.42).

Next, we are unpersuaded that Supreme Court improperly denied defendant's motion to preclude expert testimony regarding rape trauma syndrome. Despite the fact that the expert did not examine or interview the victim, the testimony was admissible as it was limited in scope to explaining "behavior that might appear unusual to a lay juror not ordinarily familiar with the patterns of response exhibited by rape victims" (*People v Taylor*, 75 NY2d 277, 293), and particularly addressed the reasons a victim may be reluctant to initially identify a sexual attacker (*see, People v McGuinness*, 245 AD2d 701; *People v Story*, 176 AD2d 1080, *lv denied* 79 NY2d 864; *compare, People v Mercado*, 188 AD2d 941). Additionally, our review of the record reveals no prejudice arising from the People's revelation of the expert's notes at the commencement of the trial. Defendant had a meaningful opportunity to use the information during cross-examination since defendant's attorney received the notes

three days prior to the witness's testimony (*see, People v Gutkaiss*, 206 AD2d 628, 630-631, *lv denied* 84 NY2d 936).

Lastly, defendant's assertion that the verdict was against the weight of the evidence is unavailing. The victim testified in specific detail with respect to both incidents, and to some extent her testimony concerning the circumstances of the incidents was confirmed by defendant. Although the victim did not report the first incident for approximately 18 months, she explained that the delay was based on her fear that no one would believe her. Furthermore, the People's expert testified that it is not unusual for a rape victim to postpone the reporting of an incident and that familiarity with the attacker may contribute to a victim's reluctance to disclose. Defendant's own exculpatory version of the events raised a credibility issue which was properly decided by the jury (*see, People v Kilburn*, 184 AD2d 914, *lvs denied* 80 NY2d 975, 81 NY2d 763). Viewing the evidence adduced at trial in a neutral light (*see, People v Valencia*, 263 AD2d 874; *People v Holiday*, 249 AD2d 624, 625, *lv denied* 92 NY2d 899), and according substantial deference to the jury's assessment of witnesses' credibility and testimony (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Rose [Cousins]*, 215 AD2d 875, 877, *lvs denied* 86 NY2d 793, 801), we conclude that the verdict was not against the weight of the evidence (*see, People v Quinones*, 256 AD2d 634, *lv denied* 93 NY2d 878; *People v Willard*, 226 AD2d 1014, *lv dismissed* 88 NY2d 943, *lv denied sub nom. People v Carpenter*, 88 NY2d 981).

Defendant's remaining contentions have been considered and found to be lacking in merit.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.