■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RASMUSSEN, JR., Appellant. [713 NYS2d 427] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law § 130.35 [2]) and sexual abuse in the first degree (Penal Law § 130.65 [2]). Contrary to defendant's contention, County Court did not improvidently exercise its discretion under CPL 60.42 (5) in precluding evidence of the results of DNA testing that excluded defendant as the source of semen found in the victim's vagina and on the victim's underwear. Although a prosecution witness volunteered that the victim stated that her underwear was wet following the alleged acts of nonconsensual intercourse and sexual contact, the prosecutor offered no evidence of the presence of semen within the victim or on her clothing, made no further reference to the

wet underwear, and argued on summation that defendant had not ejaculated. Further, there was no issue concerning defendant's identification. Thus, because there was no "critical testimony that could be seriously impeached by the test results" (*People v De Oliveira*, 223 AD2d 766, 768, *lv denied* 88 NY2d 1020), evidence of the presence of semen originating in a person other than defendant was properly excluded as irrelevant (*see, People v Kalaj*, 247 AD2d 633, 633-634, *lv denied* 92 NY2d 880; *People v Maxwell*, 122 AD2d 435; *cf., People v Labenski*, 134 AD2d 907).

Defendant's contention that the jury charge concerning interested witnesses was unbalanced and prejudicial to defendant is not preserved for our review (*see, People v Harding*, 266 AD2d 310, *lv denied* 94 NY2d 920). In any event, the charge on interested witnesses, which substantially conformed to 1 CJI(NY) 7.03 and 7.04, was properly balanced (*see, People v Bowden*, 198 AD2d 39, 40; *see also, People v Arkim*, 179 AD2d 1019, 1019-1020, *lv denied* 79 NY2d 997). Defendant's contention that the court erred in reinstructing the jury on attempted rape and sexual abuse is likewise unpreserved for our review and, in any event, is without merit. The court acted within its discretion in responding to a jury request that it "redefine between attempted rape [charged as a lesser-included offense under the rape in the first degree count] and sexual abuse" by rereading the charge on those offenses (*see, People v Molling*, 238 AD2d 915; *see generally, People v Weinberg*, 83 NY2d 262, 267-268; *People v Almodovar*, 62 NY2d 126, 131-132).

The contentions of defendant that he was denied a fair trial by prosecutorial misconduct when he was cross-examined and on summation are likewise unpreserved for our review (*see, People v Brinson*, 265 AD2d 879, *lv denied* 94 NY2d 860), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Genesee County Court, Noonan, J.—Rape, 1st Degree.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Balio, JJ.