56

**Robert T. RASMUSSEN, Petitioner–Appellant,**

v.

**Gary H. FILION, Superintendent, and Eliot Spitzer, Respondents–Appellees.**

No. 05–1166–PR.

United States Court of Appeals, Second Circuit.

Jan. 24, 2006.

Monica R. Jacobson, Alvy & Jacobson, New York, N.Y., for Petitioner–Appellant.

Marlene O. Tuczinski, Assistant Solicitor General (Robin A. Forshaw, Deputy Solicitor General for Criminal·Matters), for Eliot Spitzer, Attorney General of the State of New York, for Respondents–Appellees, of counsel.

Present: Hon. JON O. NEWMAN, Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. JED S. RAKOFF, District Judge.*

### SUMMARY ORDER

At a stated Term of the United States Court of Appeals for the Second Circuit,

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 24th day of January, two thousand six.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Petitioner-appellant Robert Rasmussen appeals from the February 9, 2005 judgment of the United States District Court for the Western District of New York (Payson, *J.*) denying his petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rasmussen was convicted by a jury of one count of first-degree rape and one count of first-degree sexual abuse. Rasmussen's direct appeal of his conviction was denied by the Appellate Division, Fourth Department, in a unanimous decision. *People v. Rasmussen*, 275 A.D.2d 926, 713 N.Y.S.2d 427 (N.Y.App.Div.2000). The New York Court of Appeals denied leave to appeal. *People v. Rasmussen*, 95 N.Y.2d 968, 722 N.Y.S.2d 485, 745 N.E.2d 406 (N.Y.2000). We assume the parties' familiarity with the underlying facts of the case.

The district court certified one issue for appeal to this Court: whether the state trial court deprived Rasmussen of his constitutional right to present a defense by refusing to admit into evidence the DNA laboratory report that showed that another man's semen had been present on the complainant's underwear, on grounds that admitting this evidence would violate New York's Rape Shield Law, N.Y.Crim. Proc. Law § 60.42. The district court concluded that although the trial court had made an evidentiary error in excluding this evidence, this ruling did not violate Rasmussen's constitutional rights because had this evidence been admitted, it would not have created a reasonable doubt that did not

otherwise exist. The district court therefore denied Rasmussen's petition for federal habeas relief.

We affirm the denial of the district court's habeas petition. As the district court stated, the erroneous exclusion of evidence under state law violates a defendant's constitutional right to present a defense only if the "omitted evidence [evaluated in the context of the entire record] creates a reasonable doubt that did not otherwise exist." *Jones v. Stinson*, 229 F.3d 112, 120 (2d Cir.2000) (internal quotation marks omitted). Here, having evaluated all of the evidence before the jury, we conclude that, even assuming *arguendo* that this evidence was improperly excluded under New York law, it would not have created reasonable doubt that did not otherwise exist.

The sole issue in the trial was whether, during the time that Rasmussen was admittedly in the complainant's bedroom, he had sexual intercourse with her without her consent while she was sleeping. An eyewitness claimed to have observed this; Rasmussen, in turn, testified that he had simply been trying to wake the complainant up and had not been having sex with her. The key piece of evidence supporting Rasmussen's denial was that the DNA laboratory analysis showed that Rasmussen's semen had not been found in the complainant's underwear. The trial judge expressly permitted defense counsel to "develop that there was a scientific test and that it did not develop any evidence that connects your client to the underwear, the vaginal swabs, or anything else in connection with this victim." Indeed, both the prosecutor and defense counsel elicited testimony from Detective Darryl Sehm that the laboratory analysis had yielded no indication that Rasmussen had engaged in sexual intercourse with the complaint.

58

The trial judge did not, however, permit defense counsel to introduce the DNA laboratory report itself, which included the information that another man's semen *had* been found in the complainant's underwear. It is this aspect of the trial judge's ruling that Rasmussen challenges as constitutional error. But Rasmussen cannot show that this evidence about another man's semen would have created reasonable doubt as to whether, when Rasmussen himself was alone with the complainant, he engaged in sexual intercourse with her.

Rasmussen suggests that because the complainant testified that she was surprised when, on the night in question, she later found that her underwear was wet, the jury must have assumed that Rasmussen was the source of the wetness, and that the excluded evidence about another man's semen in the underwear would have changed the jury's conclusion. Given that the trial judge expressly permitted defense counsel to establish that the laboratory analysis had not indicated sexual intercourse between Rasmussen and the complainant, and given that the prosecution's theory was that Rasmussen's rape of the complainant had been interrupted by the eyewitness before Rasmussen ejaculated, we find this argument unconvincing.

We therefore conclude that the DNA laboratory report would not have created reasonable doubt that did not otherwise exist, and that Rasmussen's habeas claim must fail. Accordingly, the judgment of the district court is AFFIRMED.