■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE BALDWIN, Appellant. [621 NYS2d 358] —Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered February 14, 1992, convicting him of rape in the first degree, rape in the third degree, and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention the trial court did not improvidently exercise its discretion under CPL 60.42 (5) in precluding evidence concerning the complainant's sexual history. The defense counsel's offer of proof was that evidence concerning the complainant's sexual activities in the two-week period preceding the incident herein, could establish the possibility that semen found on the complainant's bedsheet came from a source other than the defendant. While the People's

expert testified that up to 19.4% of the black male population could be a possible source of the semen, the fact remains that defense counsel's offer of proof was based purely on speculation and was, therefore, inadequate *(see, People v Williams,* 81 NY2d 303; *People v Mandel,* 48 NY2d 952; *People v Laundry,* 122 AD2d 450; *People v Westfall,* 95 AD2d 581).

Reversal is also not required on constitutional grounds. The constitutional standard is one of arbitrariness, and the burden rests on the defendant, as the moving party, to make a threshold showing that the evidence sought to be introduced is relevant *(see, People v Williams,* 81 NY2d 303, *supra).* As noted above, the defendant failed to carry that burden of proof.

We also find that the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. O'Brien, J. P., Hart, Goldstein and Florio, JJ., concur.