■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DRUMMOND, Appellant. [649 NYS2d 478] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered August 17, 1993, convicting him of bail jumping in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that he was denied his right to present a defense as a result of the court's refusal to grant him a further adjournment to secure the testimony of a retired detective. The defendant failed to demonstrate that the witness would present testimony material to the case and favorable to his position (see, Matter of Anthony M., 63 NY2d 270, 283-284; People v Singleton, 41 NY2d 402, 405-406; People v Santos, 179 AD2d 790, 791). The defendant had ample time to insure the detective's presence at trial and it cannot be said that he exercised diligence and was free of neglect in this regard (People v Coates, 157 AD2d 843; People v Vargas, 150 AD2d 513; People v Daniels, 128 AD2d 632). Further, the defendant did not show that the witness could have been located and would have been available by the proposed adjourned date (see, People v Foy, 32 NY2d 473, 476). Accordingly, it was not an improvident exercise of the Court's discretion to deny the defendant's request for yet another continuance.

The sentence imposed was neither harsh nor excessive under the circumstances (see, People v Suitte, 90 AD2d 80). Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.