■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FIELDS, Appellant. [720 NYS2d 63] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered April 1, 1998, convicting defendant, after a jury trial, of attempted sodomy in the first degree and sexual abuse in the first degree, and sentencing him to concurrent terms of 3 to 6 years and 2½ to 5 years, respectively, unanimously affirmed.

The court correctly applied the Rape Shield Law (CPL 60.42) to preclude evidence of the victim's sexual conduct with a man other than defendant earlier on the night of the crime, at a different location. Defendant's contention that the intoxicated victim could have confused defendant's conduct with what went on in the earlier incident was nothing more than speculation. Therefore, the "relevant and admissible in the interests of justice" exception to the Rape Shield Law (CPL 60.42 [5]) did not apply (*see, People v Baldwin*, 211 AD2d 638, *lv denied* 85 NY2d 935; *People v Charlton*, 192 AD2d 757, *lv denied* 81 NY2d 1071). In any event, the conviction was not predicated solely on the victim's testimony but also supported by an independent eyewitness to the incident.

Defendant's contention that a remark by the trial court while ruling on an objection during the People's summation conveyed to the jury a belief in defendant's guilt is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that, in context, the court's remark could not have been understood by the jury as expressing an opinion on the facts. Concur—Nardelli, J. P., Williams, Andrias, Wallach and Lerner, JJ.