(July 26, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL D. MOUNT, Appellant. [727 NYS2d 819] —Mugglin, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered March 15, 2000, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree and assault in the second degree.

After a jury trial, defendant was convicted of sexual abuse in the first degree and assault in the second degree. These convictions stem from proof of defendant's attack on his estranged wife—they had been separated approximately two years—whom he had lured to his apartment by promising to pay child support that he owed her. During the trial, County Court ruled,

pursuant to the rape shield statute (see, CPL 60.42), that DNA evidence of semen found on the victim's underwear—other than defendant's—was inadmissible. Defendant now appeals arguing that this ruling deprived him of a fair trial and constituted reversible error because it was exculpatory with respect to the assault in the second degree charge.

Defendant's argument depends on the wholly unsupported supposition that the presence of some other male's semen in the victim's underwear establishes that some other male assaulted her. Clearly, such evidence is neither relevant nor admissible in the interest of justice (see, CPL 60.42, 60.43). The record contains no evidence that the victim had sexual contact with any individual other than defendant on the day in question. In addition, the DNA evidence established that defendant's sperm was found in the victim's underwear, and that only his sperm was found in her vagina. Moreover, there is no indication in this record that the victim suffered any facial injuries prior to her contact with defendant. Thus, the presence of foreign semen on the victim's underwear, in the absence of any evidence demonstrating when and how it was deposited, was properly determined to be irrelevant (see, People v Williams, 81 NY2d 303, 311-316).

Equally unavailing is defendant's argument that the verdict was against the weight of the evidence. In determining this issue, we must independently review the evidence and, if another result would not have been unreasonable, " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (People v Bleakley, 69 NY2d 490, 495, quoting People ex rel. MacCracken v Miller, 291 NY 55, 62; see, People v Rose, 215 AD2d 875, 877, lv denied 86 NY2d 793). The evidence, viewed in a neutral light (see, People v Carthrens, 171 AD2d 387, 392), does not reasonably support any conclusion other than that reached by the jury. Shortly after the alleged incident, defendant told police that he had not seen the victim for several weeks. However, faced with the fact that the victim's underwear had been found in his apartment shortly after the alleged incident and the uncontested DNA analysis, defendant testified at trial that he and the victim had consensual sex on the night in question. Yet, a police investigator, a doctor and a nurse all testified that on the night in question, shortly after the rape allegedly occurred, the victim was upset and had visible facial injuries. Moreover, the victim's claim of rape was supported by other evidence so that it was not unreasonable for the jury to credit her testimony over that of defendant.

Cardona, P. J., Mercure, Crew III and Rose, JJ., concur. Ordered that the judgment is affirmed.