■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANNON VV., Appellant. [731 NYS2d 509] —Cardona, P. J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered August 20, 1999, upon a verdict convicting defendant of the crimes of tampering with a witness in the third degree and trespass.

In November 1998, defendant was indicted for tampering with a witness in the third degree, menacing in the second degree and trespass. According to the indictment, defendant approached the victim on October 3, 1998 outside an entranceway to the Champlain Centres North Mall located in the Town of Plattsburgh, Clinton County, and threatened to kill her if she did not drop attempted rape charges brought against Bernard Reome, a friend of defendant's parents. It was additionally alleged that defendant displayed a knife and threatened to kill the victim if she did not do what was requested. The indict-

ment further alleged that, at the time of the incident, defendant was aware that she was barred from mall property due to a prior unrelated incident. Following a jury trial, defendant was convicted of tampering with a witness in the third degree and trespass. County Court granted youthful offender status and sentenced defendant to, *inter alia*, probation.

Initially, defendant contends that the jury's verdict convicting her of tampering with a witness in the third degree was not supported by legally sufficient evidence and was contrary to the weight of the evidence. Specifically, defendant argues that the People failed to offer sufficient evidence that, at the time of the incident, defendant knew that the victim was "about to be called as a witness in a criminal proceeding" (Penal Law § 215.11).[1] The phrase " '[c]riminal proceeding' means any proceeding which (a) constitutes a part of a criminal action[2] or (b) occurs in a criminal court and is related to a prospective, pending or completed criminal action * * * or involves a criminal investigation" (CPL 1.20 [18]). An appellate court reviewing a challenge to the legal sufficiency of the trial evidence must view the evidence "in a light most favorable to the prosecution * * * to determine whether 'there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged' " (*People v May*, 263 AD2d 215, 219-220, *lv denied* 94 NY2d 950, quoting *People v Bleakley*, 69 NY2d 490, 495 [citations omitted]).

Here, we find that the trial evidence was legally sufficient to

---

**1.** Penal Law § 215.11 (1) reads as follows:

"A person is guilty of tampering with a witness in the third degree when, knowing that a person is about to be called as a witness in a criminal proceeding:

"1. He wrongfully compels or attempts to compel such person to absent himself from, or otherwise to avoid or seek to avoid appearing or testifying at such proceeding by means of instilling in him a fear that the actor will cause physical injury to such person or another person."

**2.** "A criminal action (a) commences with the filing of an accusatory instrument against a defendant in a criminal court * * *; (b) includes the filing of all further accusatory instruments directly derived from the initial one, and all proceedings, orders and motions conducted or made by a criminal court in the course of disposing of any such accusatory instrument, or which * * * could properly be considered as a part of the record of the case by an appellate court upon an appeal * * *; and (c) terminates with the imposition of sentence or some other final disposition in a criminal court of the last accusatory instrument filed in the case" (CPL 1.20 [16]).

uphold the jury's determination that defendant knew that the victim was about to be called as a witness in a criminal proceeding.[3] Significantly, the victim specifically affirmed that, prior to October 3, 1998, she had filed a criminal complaint against Reome. Moreover, the State Trooper who investigated the victim's claims and ultimately arrested defendant testified that, prior to doing so, she verified that there were criminal charges pending against Reome. In addition, although defendant denied threatening the victim, she did admit in her testimony that she told the victim that if the accusation against Reome was not true, "don't go forward with the charges." Defendant also stated that, prior to this incident, she had heard her parents discussing the fact that the victim had filed "sexual charges" against Reome. Viewed in the light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), the evidence was legally sufficient to sustain the tampering with the witness in the third degree conviction (see, People v Moore, 267 AD2d 253, lv denied 94 NY2d 882; People v Lott, 217 AD2d 959, lv denied 86 NY2d 844).

Equally unpersuasive is defendant's argument that the tampering with a witness verdict was against the weight of the evidence. It is argued that the jury's finding of not guilty on the menacing charge indicates that it did not believe that defendant used a knife to threaten the victim. In resolving the issue, this Court must independently review the evidence and, if another result would not have been unreasonable, " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (People v Bleakley, supra, at 495, quoting People ex rel. MacCracken v Miller, 291 NY 55, 62; see, People v Mount, 285 AD2d 899). Here, the evidence, viewed "in a neutral light" (People v Carthrens, 171 AD2d 387, 392), does not reasonably support any conclusion other than that reached by the jury. The victim testified that defendant threatened her life and then defendant pulled a knife from her pocket and told the victim that "this is the knife I'm going to kill you with." The victim stated that she told defendant that she would drop the charges against Reome because "I was really frightened [by] the way she had said that in my ear" and "I was afraid if I didn't say yes what might happen." Even if the jury's verdict is construed as a finding that defendant did not display a knife, the victim's testimony nevertheless revealed that she feared for her physical safety (see, People v Lott, supra). In view of the above, we find that the verdict was supported by the weight of the evidence.

---

3. The victim testified before the Grand Jury on November 19, 1998.

Furthermore, we have reviewed defendant's argument that the trial evidence was legally insufficient to sustain the trespass conviction and find it unpersuasive. The People produced evidence that defendant knew that she was barred from the mall premises at the time of the October 3, 1998 incident. A former mall security supervisor testified that he directly informed defendant that she was barred from the mall until December 7, 1998 and advised her that she would be subject to prosecution if she ignored the ban. In addition, when defendant was approached by a mall security officer immediately following the October 3, 1998 incident, defendant gave him a false name. Defendant stated at trial that her reason for doing so was because "I knew I wasn't supposed to be in the mall. I knew I was going to be in trouble if I was caught in the mall." Viewed in the light most favorable to the People (*see, People v Contes, supra*, at 621), the evidence was legally sufficient to support the trespass conviction (*see,* Penal Law § 140.05).

Defendant's remaining arguments, including the claim that County Court erred in denying her posttrial motion to set aside the guilty verdict on the tampering with a witness charge, have been examined and found to be unpersuasive.

Mercure, Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Clinton County for further proceedings pursuant to CPL 460.50 (5).