■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIRO RENDON, Appellant. [756 NYS2d 229] —Appeal by the defen-

dant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered July 2, 2001, convicting him of sexual abuse in the first degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Pursuant to CPL 60.42, the rape shield law, the Supreme Court properly excluded evidence of a second semen stain not belonging to the defendant, which was found on the same piece of clothing on which the defendant's semen was found. Without more, the defendant's speculation as to how that second stain was deposited is not sufficient to overcome its exclusion pursuant to the rape shield law (*see People v Williams,* 81 NY2d 303; *People v Mount,* 285 AD2d 899; *People v Baldwin,* 211 AD2d 638).

The Supreme Court also properly excluded evidence that the victim made prior dental appointments with the defendant which she cancelled. Contrary to the defendant's contention, that evidence was offered solely to impeach the victim's credibility, and the credibility of a witness may not be impeached through extrinsic evidence on matters collateral to the issues in the case (*see Badr v Hogan,* 75 NY2d 629; *People v Pavao,* 59 NY2d 282; *People v Daniels,* 225 AD2d 632). Furthermore, the Supreme Court providently exercised its discretion in denying the defendant's request for a second continuance, since the defendant did not show that the proposed witness would present testimony material to the case (*see People v Singleton,* 41 NY2d 402; *People v Foy,* 32 NY2d 473; *People v Drummond,* 233 AD2d 339).

Finally, the sentence imposed was not excessive (*see* CPL 470.20 [6]; Penal Law § 70.02 [1] [c]; [3] [c]; *People v Thompson,* 60 NY2d 513, 519; *People v Rivera,* 186 AD2d 594; *People v Suitte,* 90 AD2d 80). Krausman, J.P., Friedmann, Mastro and Rivera, JJ., concur.