(April 6, 2004)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT PEMBERTON, Appellant. [773 NYS2d 878]—

Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered June 10, 2002, convicting defendant, after a jury trial, of six counts of forgery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of $3^{1}/_{2}$ to 7 years, unanimously affirmed.

The court properly denied defendant's challenge for cause to a prospective juror. The panelist's reference to the possible influence of her experience as the victim of credit card fraud did not raise a serious question as to her ability to serve, and, in any event, the court elicited an unequivocal assurance of her impartiality and her willingness to follow the law as to the People's burden of proof (*see People v Chambers*, 97 NY2d 417 [2002]; *compare People v Brown*, 295 AD2d 184 [2002]).

The court properly denied defendant's request for a missing witness instruction as to a retired police detective whose only involvement was that he had "directed" the investigation and

vouchered evidence that had been recovered from defendant by a testifying officer. Defendant failed to meet his burden to show that the detective would be expected to offer material testimony (*see People v Gonzalez,* 68 NY2d 424 [1986]). The record clearly indicates that the court denied the application on this basis, and not merely because the detective had retired.

Defendant's challenge to the sufficiency of the evidence is unpreserved (*People v Gray,* 86 NY2d 10 [1995]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the evidence, viewed in the light most favorable to the People, established the elements of forgery in the second degree. Concur—Buckley, P.J., Tom, Sullivan, Ellerin and Williams, JJ.