■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELBERT MITCHELL, Appellant. [782 NYS2d 45]—

Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered January 24, 2002, convicting defendant, after a jury trial, of murder in the first degree (four counts), murder in the second degree and burglary in the second degree, and sentencing him to an aggregate term of life without parole, unanimously affirmed.

The verdict was not against the weight of the evidence. On the contrary, we find the evidence to be overwhelming. There was an extensive chain of circumstantial evidence linking defendant to the crime, which included fingerprint and DNA evidence, consciousness-of-guilt evidence, and evidence of defendant's attempt to sell the victim's property. Furthermore, defendant's statements to the authorities were contradictory, incredible and refuted by other evidence. Although defendant made these statements in an effort to exculpate himself, they actually were highly incriminating.

In order to avoid a violation of the unsworn witness rule, the court should have granted defendant's request to redact from his videotaped statement certain comments made by the prosecutor that could be viewed as expressing an opinion as to defendant's guilt (*see People v Paperno*, 54 NY2d 294 [1981]; *People v Blake*, 139 AD2d 110, 114-116 [1988]). However, we find that any error in this regard was harmless in light of the court's limiting instruction, which the jury is presumed to have followed (*see People v Davis*, 58 NY2d 1102, 1104 [1983]), and the fact that the evidence against defendant was overwhelming.

The court properly applied the Rape Shield Law (CPL 60.42) to exclude evidence concerning the deceased's prior sexual history with men other than defendant. In the first place, the record casts doubt on whether defendant actually had any such evidence in admissible, nonhearsay form. In any event, defendant's offer of proof was based on innuendo and speculation, and the proffered evidence lacked any probative value. Accordingly, the court properly concluded that none of the statutory exceptions applied (*see People v Williams*, 81 NY2d 303, 314-316 [1993]; *People v Fields*, 279 AD2d 405 [2001], *lv denied* 96 NY2d 828 [2001]). Moreover, since DNA evidence established, and defendant admitted, that semen found on the deceased belonged to him, evidence concerning a second semen stain was speculative and irrelevant (*see People v Rendon*, 301 AD2d 665 [2003], *lv denied* 100 NY2d 542 [2003]). Since defendant did not assert a constitutional right to introduce any of the excluded evidence, his constitutional argument is unpreserved (*see People v Angelo*,

88 NY2d 217, 222 [1996]; *People v Gonzalez*, 54 NY2d 729 [1981]), and we decline to review it in the interest of justice. Were we to review this claim, we would find no violation of defendant's right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]). Defendant received ample scope within which to assert his claims. Concur—Nardelli, J.P., Mazzarelli, Saxe, Ellerin and Lerner, JJ.