■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SMITH, Appellant. [810 NYS2d 193]—

Judgment, Supreme Court, New York County (Laura E. Drager, J.), rendered July 26, 2000, as amended April 23, 2003, convicting defendant, after a jury trial, of rape in the first degree (two counts) and assault in the second degree (two counts), and sentencing him to an aggregate term of 35 years, unanimously affirmed.

The court properly denied defendant's challenge for cause. The resettled record establishes that the prospective juror at issue responded that he did not "think" that a family tragedy would affect his ability to be impartial. This response was not equivocal, particularly when viewed together with the panelist's subsequent declarations of his impartiality (*see People v Chambers*, 97 NY2d 417, 419 [2002]; *People v Pemberton,* 6 AD3d 187 [2004], *lv denied* 3 NY3d 661 [2004]).

The court properly admitted limited testimony by the officer securing the crime scene regarding remarks made to him by unidentified individuals. As the trial court explained in its detailed limiting instructions, the challenged testimony was not received for its truth, but to complete the narrative of events and to explain why the police focused attention on defendant (*see People v Tosca*, 98 NY2d 660 [2002]; *People v Rivera,* 96 NY2d 749 [2001]). Defendant's Confrontation Clause argument is unpreserved (*see People v Kello*, 96 NY2d 740, 743-744 [2001]; *People v Maher*, 89 NY2d 456, 462-463 [1997]; *compare People v Hardy*, 4 NY3d 192, 197 n 3 [2005]), and we decline to review it in the interest of justice. Were we to review this claim, we would find no violation of defendant's right of confrontation, because the declarations were properly received for a relevant purpose other than their truth, and also because they were not testimonial within the meaning of *Crawford v Washington* (541 US 36 [2004]).

The court properly applied the Rape Shield Law (CPL 60.42) to preclude defense counsel from asking the victim about whether she had engaged in prostitution and exchanged sex for narcotics. The Rape Shield Law contains an exception for evidence of prostitution-related *convictions* within three years of the alleged crime (CPL 60.42 [2]), but contains no exception for *acts* of prostitution, and there was no evidence that the victim had ever been convicted of prostitution, or anything else. Defendant's suggestion that the questions should have been allowed under the "interests of justice" exception to the Rape Shield Law (CPL 60.42 [5]) is based on speculation. In any event, defendant was afforded ample opportunity to present his defense that he and the victim had engaged in consensual sex.

The court properly imposed consecutive sentences for the two rape convictions, because defendant's conduct giving rise to his accomplice liability for the rape committed by his codefendant is a separate act from the rape that defendant committed personally (*see People v Willard*, 226 AD2d 1014, 1020 [1996], *lv dismissed* 88 NY2d 943 [1996]). The procedure by which the court determined that defendant was eligible for consecutive

sentences did not violate the principles of *Apprendi v New Jersey* (530 US 466 [2000]), because the court did not engage in any fact-finding, but instead made a legal determination based on facts already found by the jury (*see People v Lloyd*, 23 AD3d 296 [2005]; *United States v White*, 240 F3d 127 [2d Cir 2001], *cert denied* 540 US 857 [2003]). We have considered and rejected defendant's remaining arguments concerning the legality of his sentence, and we perceive no basis for reducing it. Concur— Tom, J.P., Friedman, Nardelli, Williams and Sweeny, JJ.