■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WIENERS, Appellant. [821 NYS2d 658]—

Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered February 10, 2005, convicting him of sexual abuse in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to establish his guilt of sexual abuse in the first degree (*see* Penal Law § 130.65 [1]) or endangering the welfare of a child (*see* Penal Law § 260.10 [1]). As the defendant made only a generalized motion at the end of the People's case for a trial order of dismissal, this contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]; *People v Kearney,* 25 AD3d 622, 623 [2006], *lv denied* 6

NY3d 849 [2006]; *People v Gaskin,* 22 AD3d 864 [2005], *lv denied* 6 NY3d 813 [2006]; *People v Udzinski,* 146 AD2d 245, 250 [1989]; *cf. People v Soto,* 8 AD3d 683 [2004]). Moreover, the defendant's motion to set aside the verdict was insufficient to preserve this contention for appellate review *(see People v Padro,* 75 NY2d 820, 821 [1990]; *People v Gaskin, supra).* In any event, viewing the evidence in the light most favorable to the prosecution *(see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see* CPL 470.15 [5]).

Further, pursuant to CPL 60.42 (5), the rape shield law, the Supreme Court properly excluded evidence of a semen stain, not belonging to the defendant, which was found on the complainant's underwear. The underwear was not submitted into evidence, and without more, the defendant's speculation as to how the semen stain was deposited was not sufficient to overcome its exclusion pursuant to the rape shield law *(see People v Williams,* 81 NY2d 303, 311-316 [1993]; *People v Mitchell,* 10 AD3d 554, 555 [2004]; *People v Rendon,* 301 AD2d 665, 666 [2003]; *People v Mount,* 285 AD2d 899, 900 [2001]; *People v Rasmussen,* 275 AD2d 926 [2000]).

The defendant's contentions raised in point three of his brief are unpreserved for appellate review, and his remaining contentions are without merit. Crane, J.P., Ritter, Krausman and Skelos, JJ., concur.