■ The People of the State of New York, Respondent, v Eric Claborn, Appellant. [825 NYS2d 221]—Judgment, Supreme Court, New York County (Ronald A. Zweibel, J., on suppression motion; John Cataldo, J., at jury trial and sentence), rendered April 21, 2005, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years and 2 to 4 years, respectively, unanimously affirmed.

All of the evidence challenged by defendant as hearsay and as violating the Confrontation Clause was introduced "for the legitimate, nonhearsay purpose of completing the narrative of events and explaining police actions" (*People v Guerrero*, 22 AD3d 266, 266 [2005], *lv denied* 5 NY3d 882 [2005]; *see also People v Smith*, 27 AD3d 242, 243 [2006], *lv denied* 7 NY3d 763 [2006]).

The People's summation did not deprive defendant of a fair trial. The challenged portions constituted permissible responses to defendant's attacks on the credibility of prosecution witnesses, as well as legitimate inferences drawn from the evidence, and there was no shifting of the burden of proof (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]).

The court properly denied defendant's suppression motion without a hearing (*see People v Mendoza*, 82 NY2d 415 [1993]). The conclusory denials in his initial papers were "insufficient to raise an issue warranting a hearing" (*People v Davis*, 256 AD2d 184 [1998], *lv denied* 93 NY2d 968 [1999]). While the denial in defendant's motion to reargue was more specific, he could have made this denial from the outset, and he did not offer any excuse for omitting the additional facts from the original application (*see People v Ruth*, 260 AD2d 296 [1999], *lv denied* 93 NY2d 929 [1999]).

We perceive no basis for reducing the sentence. Concur—Buckley, P.J., Mazzarelli, Gonzalez, Sweeny and Catterson, JJ.