■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER SEPULVEDA, Appellant. [859 NYS2d 475]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered July 6, 2004, convicting him of murder in the second degree (two counts), attempted robbery in the first degree, attempted robbery in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to disprove his justification defense. As the defendant made only a generalized motion at the end of the People's case for a trial order of dismissal, this contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Wieners,* 33 AD3d 637, 637-638 [2006]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against

the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant contends that statements he made to a police detective after the administration of *Miranda* warnings (*see Miranda v Arizona,* 384 US 436 [1966]) should have been suppressed because they were the product of a continuous custodial interrogation which began before he was advised of his constitutional rights. However, since the defendant failed to raise this specific argument in support of suppression at the *Huntley* hearing (*see People v Huntley,* 15 NY2d 72 [1965]), it is unpreserved for appellate review (*see People v Rogers,* 34 AD3d 504, 504-505 [2006]). In any event, the defendant's post-*Miranda* statements were attenuated from his earlier pre-*Miranda* statements to police, as there was a definite and pronounced break in the questioning of over four hours during which time the defendant slept (*see People v Rifkin,* 289 AD2d 262, 263 [2001]; *People v James,* 253 AD2d 438, 440 [1998]).

The defendant's contention that he was denied a fair trial as a result of the prosecutor's misconduct on summation is not preserved for appellate review. The defendant "failed to object or raised only general objections to the prosecutor's summation remarks, did not request curative instructions when his objections were sustained" (*People v Hollenquest,* 48 AD3d 592, 593 [2008]) or "raised [any objection] for the first time in a postsummations mistrial motion" (*People v Romero,* 7 NY3d 911, 912 [2006]). In any event, to the extent that any of the remarks were improper, they did not deprive the defendant of a fair trial.

The sentence imposed was not excessive (*see People v Thompson,* 60 NY2d 513, 519 [1983]; *People v Suitte,* 90 AD2d 80 [1982]). Lifson, J.P., Miller, Dillon and Eng, JJ., concur.