■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL RESTO, Appellant. [960 NYS2d 203]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered July 14, 2009, convicting him of criminal sexual act in the third degree (two counts) and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court providently exercised its discretion in denying his request for a missing witness charge as to the victim's mother, as the defendant did not show that the mother would have provided noncumulative testimony that was favorable to the prosecution (*see People v Savinon*, 100 NY2d 192, 196-197 [2003]; *People v Stewart*, 96 AD3d 880, 881 [2012]).

Additionally, the trial court providently exercised its discretion in precluding the defendant from cross-examining the victim about a past allegation of sexual abuse because the defendant provided no basis for his contention that the prior allegation was false (*see People v Mandel*, 48 NY2d 952 [1979], *cert denied* 446 US 949 [1980]; *People v Benn*, 213 AD2d 489 [1995]). Moreover, the defendant was properly prohibited from inquiring

into the victim's past sexual history under the rape shield statute (*see* CPL 60.42; *People v Williams*, 81 NY2d 303, 313-314 [1993]; *People v Rendon*, 301 AD2d 665, 666 [2003]; *People v Baldwin*, 211 AD2d 638 [1995]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Rivera, J.P., Chambers, Hall and Miller, JJ., concur.