■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RACCA NELSON, Appellant. [976 NYS2d 224]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered June 1, 2006, convicting him of murder in the second degree and attempted murder in the second degree (two counts), upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 25 years to life upon the conviction of murder in the second degree and determinate terms of imprisonment of 20 years followed by periods of post-

release supervision of five years upon each conviction of attempted murder in the second degree, with all sentences to run consecutively to each other.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the sentences imposed upon the convictions of attempted murder in the second degree are to run concurrently with each other and consecutively to the sentence imposed upon the conviction of murder in the second degree; as so modified, the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his convictions of murder in the second degree and attempted murder in the second degree is unpreserved for appellate review (see CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

The defendant's contention that he was deprived of a fair trial when the prosecutor was permitted to admit into evidence certain writings attributable to the defendant is unpreserved for appellate review (see CPL 470.05 [2]). In any event, the writings were properly admitted because they were relevant to the defendant's identity as the perpetrator and his consciousness of guilt, their probative value outweighed the potential prejudice, and the Supreme Court gave an appropriate instruction to the jury with respect to this evidence (see People v Bohan, 100 AD3d 767 [2012]; People v Fitzgerald, 84 AD3d 1397 [2011]).

The defendant's contention that the prosecutor's comments during summation deprived him of his right to a fair trial is unpreserved for appellate review (see CPL 470.05 [2]). In any event, the prosecutor's comments did not deprive the defendant of a fair trial, as the challenged comments were a fair response to the defendant's attack on the credibility of the complainants, did not denigrate the defense, and were within the bounds of appropriate argument based on the evidence (see People v Galloway, 54 NY2d 396, 399 [1981]; People v Ashwal, 39 NY2d 105, 109-110 [1976]).

The Supreme Court did not err in imposing consecutive sentences, since the defendant committed separate acts, none of which was a material element of any other (*see* Penal Law § 70.25; *People v Sumpter*, 203 AD2d 605 [1994]; *People v Vasquez*, 134 AD2d 468, 469 [1987]; *People v Sanchez*, 131 AD2d 606, 609 [1987]). However, the sentence imposed was excessive to the extent indicated herein (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Lott, Austin and Hinds-Radix, JJ., concur.