People v Velez-Garriga (2018 NY Slip Op 01945)





People v Velez-Garriga


2018 NY Slip Op 01945


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-07705
 (Ind. No. 10962/13)

[*1]The People of the State of New York, respondent,
v Johnny Velez-Garriga, appellant.


Paul Skip Laisure, New York, NY (Denise A. Corsí of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Joyce Adolfsen of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil J. Firetog, J.), rendered July 29, 2015, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement he made to law enforcement officials.
ORDERED that the judgment is affirmed.
The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress a statement he made to the lead detective. Although the defendant's indelible right to counsel had attached, the defendant's statement was spontaneous and not the result of any improper police conduct or questioning (see People v Lynes, 49 NY2d 286; People v Webb, 224 AD2d 464).
The defendant's contention that he was deprived of his right to a fair trial by the improper admission into evidence of excerpts of recorded telephone calls he made during his detention at Rikers Island Correctional Facility is only partially preserved for appellate review (see CPL 470.05[2]). In any event, the Supreme Court providently exercised its discretion in admitting this evidence as proof of consciousness of guilt (see People v Nelson, 112 AD3d 744; People v Bramble, 81 AD3d 968).
The defendant's contention that he was deprived of his right to a fair trial by the improper admission into evidence of a photograph depicting his tattooed hands is unpreserved for appellate review (see CPL 470.05[2]). In any event, to the extent the admission of the photograph was improper, it did not deprive the defendant of a fair trial, and any other error in this regard was harmless (see People v Crimmins, 36 NY2d 230, 241-242; People v Thompson, 34 AD3d 852).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., CHAMBERS, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court