People v Acevedo (2018 NY Slip Op 02797)





People v Acevedo


2018 NY Slip Op 02797


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2012-02219
 (Ind. No. 1585/09)

[*1]The People of the State of New York, respondent,
v Francisco Acevedo, appellant.


Stewart A. McMillan, Larchmont, NY, for appellant, and appellant pro se.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Raffaelina Gianfrancesco and Steven A. Bender of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barbara G. Zambelli, J.), rendered January 17, 2012, convicting him of murder in the second degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and DNA evidence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the County Court properly denied that branch of his omnibus motion which was to suppress DNA evidence derived from a buccal swab (see People v Hobson, 111 AD3d 958, 959; cf. People v Adams, 120 AD3d 1253, 1254).
The County Court also properly denied that branch of the defendant's omnibus motion which was to sever the counts in the indictment, since the nature of the proof for each of the offenses was material and admissible as evidence upon the trial of the other counts in the indictment (see CPL 200.20[2][b]; People v Bongarzone, 69 NY2d 892, 895). As the offenses were properly joined in one indictment from the outset, the court lacked the statutory authority to sever them (see CPL 200.20[3]; People v Bongarzone, 69 NY2d at 895; People v Bonilla, 127 AD3d 985).
The County Court providently exercised its discretion under CPL 60.42 in precluding evidence concerning a victim's sexual history (see People v Mandel, 48 NY2d 952, 954). Such evidence was not admissible under CPL 60.42(2), because there was no evidence that the victim had ever been convicted of prostitution (see People v Halmond, 52 AD3d 1278; People v Smith, 27 AD3d 242, 243). The evidence also was not admissible under CPL 60.42(5), because the defendant's offer of proof was inadequate (see People v Mitchell, 10 AD3d 554, 555; People v Nunez, 9 AD3d 471, 472; People v Baldwin, 211 AD2d 638).
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. [*2]Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilty was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
CHAMBERS, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court