People v Lominy (2019 NY Slip Op 07094)





People v Lominy


2019 NY Slip Op 07094


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-13298
 (Ind. No. 246/16)

[*1]The People of the State of New York, respondent,
v
Ellijah Lominy, appellant.


Paula Schwartz Frome, Garden City, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Jason R. Richards and Brian Witthuhn of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. McDonald, J.), rendered December 1, 2016, convicting him of course of sexual conduct against a child in the second degree, sexual abuse in the first degree (three counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The complainant testified at trial that, when she was eleven years old and in sixth grade, the defendant, her older brother, inappropriately touched her with his hands and rubbed himself against her. The complainant described three specific instances in detail and noted that there were two additional incidents as well. After a jury trial, the defendant was convicted of course of sexual conduct against a child in the second degree, sexual abuse in the first degree (three counts), and endangering the welfare of a child. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in precluding the defendant from cross-examining the complainant about alleged prior allegations of physical and sexual abuse. The defendant did not provide a "basis for believing that the prior unrelated claims were false" (People v Passenger, 175 AD2d 944, 946; see People v Mandel, 48 NY2d 952, 953-954; People v Resto, 104 AD3d 709, 709; People v Benn, 213 AD2d 489, 489), nor did he "provide a sufficient factual basis to suggest a pattern casting substantial doubt on the validity of the [subject] charges'" (People v Weberman, 134 AD3d 862, 863, quoting People v Mandel, 48 NY2d at 953).
Furthermore, the Supreme Court providently exercised its discretion in allowing the complainant to testify about the two additional instances of abuse beyond the three specific charged incidents. The defendant was charged with course of sexual conduct against a child in the second degree, so the additional instances of abuse testified to by the complainant were offered to prove an element of the crime charged, namely, that there were two or more acts of sexual conduct over a period of time not less than three months in duration (see Penal Law § 130.80). "The text and legislative history of Penal Law § 130.80 . . . make clear that it is a continuing crime to which the usual requirements of specificity with respect to time do not pertain" (People v Colf, 286 AD2d 888, [*2]888-889; see People v Harp, 20 AD3d 672, 673; People v Green, 17 AD3d 1076, 1077).
The defendant's contention that certain of the prosecutor's summation remarks deprived him of a fair trial is unpreserved for appellate review (see People v Marcus, 112 AD3d 652, 653). In any event, the defendant's contention is without merit because the prosecutor's comments were a fair response to the defendant's attack on the credibility of the complainant and fair comment on the evidence (see People v Williams, 123 AD3d 1152, 1153, affd 29 NY3d 84; People v Izurieta, 116 AD3d 881, 882; People v Nelson, 112 AD3d 744, 745; People v Marcus, 112 AD3d at 653; People v Hutchinson, 106 AD3d 1105, 1105).
DILLON, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court