People v Animshaun (2020 NY Slip Op 04400)





People v Animshaun


2020 NY Slip Op 04400


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2013-10237
 (Ind. No. 2607/11)

[*1]The People of the State of New York, respondent,
v
Damilola Animshaun, appellant.


Paul Skip Laisure, New York, NY (Denise A. Corsí of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard A. Joblove, Seth M. Lieberman, and Arieh Schulman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Raymond Guzman, J.), rendered October 18, 2013, convicting him of rape in the second degree (two counts), attempted rape in the third degree, and endangering the welfare of a child (three counts), upon a jury verdict, and rape in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Wayne M. Ozzi, J.), of those branches of the defendant's omnibus motion which were to suppress his statements made to law enforcement officials and identification evidence.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's denial of the defendant's motion to sever the counts of the indictment relating to one complainant from the counts relating to the other complainant. Based on the remarkable similarity in the manner in which the crimes against both complainants were committed, joinder was appropriate pursuant CPL 200.20(2)(b) (see People v Killings, 55 AD3d 852; People v Martin, 141 AD2d 854, 854, 855). As the offenses were properly joined in one indictment from the outset pursuant to CPL 200.20(2)(b), the court lacked the statutory authority to sever them (see CPL 200.20[3]; People v Bongarzone, 69 NY2d 892, 895; People v Jones, 173 AD3d 1062, 1066).
The defendant's contentions regarding certain remarks made by the prosecutor in her opening statement and summation, and that the Supreme Court made an error in its charge to the jury, are unpreserved for appellate review, and, in any event, without merit.
We agree with the Supreme Court's determination to exclude evidence of a semen stain not belonging to the defendant found on the jeans of one complainant pursuant to the Rape Shield Law (CPL 60.42). There was no evidence as to when or how the semen was deposited on the jeans, or who the source of the semen was. Without more, the presence of the semen was properly determined to be irrelevant, and the defendant's speculation as to when and how the stain was deposited, and whether the jeans were washed before the offenses occurred, was insufficient to overcome the exclusion of evidence of the semen pursuant to the Rape Shield Law (see People v Wieners, 33 AD3d 637; People v Rendon, 301 AD2d 665; People v Mount, 285 AD2d 899).
We also agree with the Supreme Court's determination to allow a detective to testify [*2]that one of the complainants had identified the defendant in a lineup, where the complainant was unable to identify the defendant in court due to lack of present recollection (see CPL 60.25; People v Hernandez, 154 AD2d 197, 201).
The defendant's contention that he received ineffective assistance of counsel is without merit. Viewing counsel's representation in its totality, counsel provided meaningful representation (see People v Baldi, 54 NY2d 137, 147).
The defendant's remaining contentions, raised in his pro se supplemental brief, regarding the denial of those branches of his omnibus motion which were to suppress his statements made to law enforcement officials and identification evidence are unpreserved for appellate review, and, in any event, without merit.
DILLON, J.P., BALKIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court